NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVEANAND DURGA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 10-1989 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| THOMAS BRYAN, CHIEF OF POLICE, | : | |
| EDISON TOWNSHIP AND THE | : | |
| ATTORNEY GENERAL OF NEW | : | |
| JERSEY, | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Defendant the Attorney General of New Jersey (the "State") to dismiss the amended complaint filed by Plaintiff Daveanand Durga. (Doc. No. 18.) The Court has reviewed the parties' submissions and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the State's present motion will be denied.

**I.    BACKGROUND**[1]

Plaintiff applied for a Firearms Purchaser Identification Card ("Card") on May 14, 2009, which was denied on March 25, 2010, by Defendant Thomas Bryan in his capacity as Edison Township Chief of Police. (Am. Compl. Exs. A, B.; Doc. No. 3.) The reasons cited by

---

[1] The following represents various relevant factual allegations made by Plaintiff in his amended complaint.

1

Defendant Bryan for the denial were "public health, safety and welfare", and falsification of Plaintiff's application in that Plaintiff did not indicate that he had previously been denied a Card by order of the Somerset County Superior Court. (*Id.*) Thereafter, within thirty days of Defendant Bryan rejecting Plaintiff's application, Plaintiff requested a hearing with the Middlesex County Superior Court. (Am. Compl. at 7; Doc. No. 3.) It is unclear, however, when Plaintiff's request was received by the Middlesex County Superior Court, and what the status of Plaintiff's case is in that court.

Based upon the foregoing, Plaintiff filed his initial complaint in this Court on April 20, 2010, and an amended complaint on April 27, 2010. (Doc. Nos. 1, 3.) Plaintiff's amended complaint levies the following three counts against Defendants pursuant to 42 U.S.C. § 1983: (1) violation of Plaintiff's rights under the Second and Fourteenth Amendments to the U.S. Constitution; (2) that Defendants have "intentionally used spurious information and [have] manipulated the facts to deliberately deny [Plaintiff] his constitutional rights guaranteed under the Second Amendment"; and (3) that N.J.S.A. 2C:58-3(c)(5) is "constitutionally infirm and should be voided for vagueness." (*Id.* at 1; Errata Sheet for Am. Compl.) To remedy Defendants' alleged violations, Plaintiff asks the Court to: (1) issue an injunction that mandates Defendant Bryan issue Plaintiff a Card and a handgun license; (2) void N.J.S.A. 2C:58-3(c)(5); and (3) issue Plaintiff "all litigation cost[s] in the instant matter." (Am. Compl. at 12.)

On August 13, 2010, the State filed its present motion to dismiss Plaintiff's amended complaint. (Doc. No. 18.) In support of that motion, the State argues that the Court should abstain in this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Alternately, the State argues that the doctrine of *res judicata* forecloses the relief sought by Plaintiff in this case.

(Def.'s Mot. Br.; Doc. No. 18-1.) Plaintiff opposes the State's motion. (Pl.'s Opp'n. Br.; Doc. No. 19.) After reviewing the parties' submissions, the State's motion will be denied.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Standard

For a complaint to survive a motion to dismiss for "failure to state a claim upon which relief can be granted" (FED. R. CIV. P. 12(b)(6)), it must include "more than labels and conclusions"; its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a motion to dismiss, courts must conduct a "two-part analysis":

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In conducting this analysis, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Id*. at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Additionally, the Court notes that *Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. The *Younger* Abstention Doctrine

In *Younger v. Harris*, the U.S. Supreme Court held that federal courts must abstain from

3

granting injunctive or declaratory relief from pending state criminal prosecutions. 401 U.S. at 41, 44. The *Younger* abstention doctrine has since been expanded to civil judicial proceedings; however there are:

> three requirements which must be satisfied before a federal court may abstain from hearing a case over which it has jurisdiction: (1) there must be pending or ongoing state proceedings which are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues.

*O'Neill v. City of Philadelphia*, 32 F.3d 785, 789 (3d Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In any case, "[e]ven if these three elements are satisfied, abstention is not appropriate where the federal claimant makes a showing of bad faith, harassment, or some other extraordinary circumstance." *Id*. at 789 n.11 (citing *Middlesex*, 457 U.S. at 435).

      The Court of Appeals for the Third Circuit determined that "'a necessary concomitant of Younger is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court.'" *O'Neill*, 32 F.3d at 790 (quoting *New Orleans Pub. Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("*NOPSI*"). The Third Circuit reconciled its decision with the U.S. Supreme Court's holding in *Patsy v. Board of Regents*, where the Court "categorically" stated "that exhaustion [of state administrative remedies] is not a prerequisite to an action under § 1983 (457 U.S. 496, 501 (1982)), by noting the distinction between coercive and remedial administrative proceedings. *See O'Neill*, 32 F.3d at 791 n.13 (citing *Ohio Civil Rights Commission v. Dayton Christian Schools*, 477 U.S. 619, 627-28 n.2 (1986)). The court stated that a remedial action is one "brought by the plaintiff to vindicate a wrong which had been

inflicted by the State" while a coercive action is one involving "an administrative proceeding[] initiated by the State, before a state forum, to enforce a state law . . . which the plaintiffs [are seeking] to circumvent by filing their complaint in federal court." *Id*.

In any case, abstention "is the exception and not the rule. 'The federal courts' obligation to adjudicate claims within their jurisdiction [is] virtually unflagging.'" *Marks v. Stinson*, 19 F.3d 873, 881 (3d Cir. 1994) (quoting *NOPSI*, 491 U.S. at 359) (internal citations omitted).

### C. The *Younger* Abstention Doctrine Applied to Plaintiff's Claims

Applying the foregoing standard, the Court cannot conclude that abstention is appropriate based upon the parties' submissions related to the State's present motion. As noted above, the first threshold requirement that must be present for a court to consider abstaining under *Younger* is that "there must be pending or ongoing state proceedings which are judicial in nature . . . ." *O'Neill* 32 F.3d 789. The record before this Court is so confused as to the status of Plaintiff's case in Middlesex Count Superior Court, if any does in fact exist, that the Court cannot determine if the first requirement of *Younger* has been met. Axiomatically, the State, as the moving party, bears the burden of production and persuasion to prevail in the present motion. That burden is especially critical in the present matter, where the State asks this Court to sidestep its "virtually unflagging" obligation to consider the *pro se* complaint of a plaintiff that asserts the denial of rights protected by the United States Constitution. Additionally, the Court notes that the parties' briefing in this matter has failed to address the potentially relevant "remedial" versus "coercive" distinction raised by the Third Circuit in *O'Neill*. For these reasons, the Court declines to abstain in this case at this point. The Court emphasizes, however, that this decision is without prejudice, and Defendants are not foreclosed from addressing this issue in the future if

appropriate.

### D. Res Judicata

As an alternate ground for decision, the State asserts that Plaintiff's claims should also be dismissed because they may be barred by the doctrine of *res judicata*. (Def.'s Mot. Br. at 8.) *Res judicata* does not attach if there is no state court judgment. *See Migra v. Warren City School Dist.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). As noted above, it is unclear whether this matter has been or is being litigated in Middlesex County Superior Court. As such, the Court declines to apply the doctrine of *res judicata* to Plaintiff's claims at this time. Similar to the Court's conclusion on *Younger* abstention, the Court will not foreclose the State from raising this issue in the future if appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court will DENY the State's motion to dismiss Plaintiff's amended complaint. (Doc. No. 18.) An appropriate form of order accompanies this memorandum opinion.

Dated: October 5, 2010

                                                                    /s/ Garrett E. Brown, Jr.
                                                        GARRETT E. BROWN, JR., U.S.D.J.