NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVEANAND DURGA<br><br>Plaintiff,<br><br>v.<br><br>THOMAS BRYAN, CHIEF OF POLICE, EDISON TOWNSHIP AND THE ATTORNEY GENERAL OF NEW JERSEY<br><br>Defendants. | Civil Action No. 3:10-cv-1989 (PGS)<br><br>**Memorandum & Order** |

This matter comes before the court by Plaintiff, Daveanand Durga, who filed an amended complaint alleging § 1983 Second Amendment violations against Defendants, and a constitutional challenge to N.J.S.A. 2C:58-3(c)(5) as being overly broad and vague. This action involves Plaintiff's 2009 application for a Firearms Purchaser Identification Card and handgun permit ("Firearms License"), which Defendant, Thomas Bryan, Chief of Police, Edison Township ("Edison Police Chief") denied. The Plaintiff filed an application to appeal the denial in Superior Court, Middlesex County, but withdrew his application and filed a complaint in federal court. Currently pending before this Court is the Defendant's, Attorney General of New Jersey ("Attorney General"), motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as well as the Plaintiff's motion for summary judgment, and the Edison Police Chief's cross-motion for summary judgment.

The Court has reviewed the parties' submissions and heard oral arguments and therefore renders the following decision.

## I. BACKGROUND

The facts relating to Plaintiff's prior applications for a Firearms License are relevant to the present matter because the Chief's denial of Plaintiff's 2009 application was based, in part, on these prior circumstances. The following facts are set forth in the Appellate Division decision regarding Plaintiff's 2006 consolidated appeals, *In re Firearms Application of Daveanand Durga* and *In re the Return of Seized Firearms from Cpl. Daveanand Durga*, 2008 WL 2855022 (N.J. Super. Ct. App. Div. July 25, 2008).

In May 2004, Franklin Township police officers found Plaintiff firing rounds from an assault rifle into nearby school grounds. Plaintiff was arrested and charged with unlawful possession of weapons and a large capacity ammunition magazine without a permit, contrary to N.J.S.A. 2C:58-4, N.J.S.A. 2C:39-5b, and N.J.S.A. 2C:39-3j. The Plaintiff admitted to transporting the weapons from Camp Lejeune, North Carolina where he was stationed with the United States Marines to Somerset, New Jersey and confessed to firing the rifle. Accordingly, the Franklin Township Police Department ("FTPD") confiscated the unlawful weapons. The Grand Jury issued a No Bill of Indictment and the charges were downgraded. The matter was then transferred to the municipal court, and subsequently dismissed because it was time barred by the Statute of Limitations. Once the charges were dismissed, the Plaintiff submitted a request to the FTPD for the return of his confiscated weapons, but the request was denied because Plaintiff did not have a Firearms License to legally posses the weapons.

Thereafter, in September and November 2005, the Plaintiff applied for a Firearms License. However, both applications were denied because Plaintiff had not reached the age of twenty-one, as required by N.J.S.A. 2C:58-3(c)(4), to obtain such a license. In January 2006, Plaintiff reapplied for a Firearms License once he turned twenty-one years old. In February 2006, the Plaintiff's application was denied pursuant to N.J.S.A. 2C:58-3(c)(5), due to the 2004 arrest and charges.

In March 2006, the Plaintiff appealed the denial of his 2006 application to the Superior Court, Somerset County. In July 2006 the Plaintiff's application for expungement of his 2004 arrest, criminal charges, and guilty plea was granted and the court ordered Somerset County to remove all records related thereto. (See Pl. Amend. Compl. Ex. D)

In April 2007 the Superior Court conducted a hearing wherein the officers who arrested the Plaintiff during the 2004 incident testified and the court also reviewed the criminal complaint file. Although Plaintiff was absent from the hearing because he was deployed to Iraq, he was represented by counsel. However, Plaintiff's counsel did not offer any witnesses nor provide any evidence in support of Plaintiff's position that his application was improperly denied. The Superior Court affirmed FTPD's denial of Plaintiff's application. Plaintiff timely filed an appeal of this decision and the court's March 2007 order denying Plaintiff's motion for the return of his confiscated weapon from the 2004 incident.

In July 2008, the Appellate Division affirmed the Superior Court's decision to deny the Plaintiff's application for a Firearms License and the decision to deny the Plaintiff from recovering his confiscated weapons.

On May 14, 2009, Plaintiff applied to the Edison Township Police Department for a Firearms License consistent with the procedure set forth in N.J.S.A. 2C:58-3(a)-(b). In a letter dated March

25, 2010 the Plaintiff learned that his application was denied. (See Pl. Amend. Compl. Ex. A) The Plaintiff asserts that he filed an application to appeal with the Superior Court, Middlesex County, but withdrew that application on May 24, 2010 and filed his complaint with this Court in April 2010.

## II. DISCUSSION

### A. The Constitutionality of N.J.S.A. 2C:58-3(c)(5)

The first issue is to determine whether the statute, N.J.S.A. 2C:58-3(c)(5) is constitutional. Plaintiff presents a facial Second Amendment challenge against New Jersey's firearms purchasing regulations, and specifically N.J.S.A. 2C:58-3(c)(5), by arguing that the statute is overly broad and vague. Plaintiff contends that the statute is overly broad because it is a "catch-all" provision that does not describe the type of conduct it seeks to exclude in order to prevent certain persons from acquiring a Firearms License. Plaintiff also argues that because the provision is vague, the Edison Police Chief arbitrarily used it to deny Plaintiff's application, which violated his Second Amendment rights. The Attorney General filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for this Court to reject Plaintiff's claim that N.J.S.A. 2C:58-3(c) is unconstitutionally over broad and vague and to dismiss Plaintiff's amended complaint as to the Attorney General.

Under N.J.S.A. 2C:58-3(b), a firearms purchaser identification card is required to purchase or possess a firearm. The applicant must apply to the Police Chief for the municipality in which he resides or if a non-resident the county in which the application was filed. N.J.S.A. 2C:58-3(d). If the Police Chief denies the application then the applicant may request a hearing before the local Superior Court within 30 days and at no filing cost to the applicant. *Id*.

N.J.S.A. 2C:58-3 (c) sets forth who may purchase or possess a firearm. The statute provides in relevant part, that "[n]o person of good character and good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a permit to purchase a handgun or a firearms purchaser identification card, except as hereinafter set forth." Subsection (c) of the statute enumerates "disabilities" that would preclude a person from receiving a Firearms License. In the present matter, the Edison Police Chief denied Plaintiff's application on the basis of subsection (c)(5), which provides that "[n]o handgun purchase permit or firearms purchaser identification card shall be issued to any person where the issuance would not be in the interest of the public health, safety or welfare." ("the public welfare provision")

Generally, an overbreadth challenge has not been applied outside of the First Amendment context and has yet to be extended to the Second Amendment. *United States v. Salerno*, 481 U.S. 739, 745 (1987). The Third Circuit also recently declined to analyze an overbreadth challenge to the Second Amendment. *United States v. Barton*, 2011 U.S. App. LEXIS 4111, n.3 (3d Cir. Mar. 4, 2011). Nonetheless, when a court is deciding a facial challenge to a law that is purported to be overly broad, the court must determine whether the law restricts "a substantial amount of constitutionally protected conduct." If it does not then the law is not deemed overly broad. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). As to whether a law is vague, the Plaintiff must demonstrate that the law is "impermissibly vague in all of its applications." *Id.* at 495. To make this determination, the court should first look at whether the Plaintiff's conduct is proscribed by the law, and if so the challenge cannot be sustained. *Id.* In

addition, if the law subject to a facial challenge is a state law, the court will consider how the state courts or enforcement agencies have defined and interpreted the law. *Id.*

Applying these standards to the present matter, the Plaintiff has not demonstrated that the public welfare provision infringes a substantial number of persons' Second Amendment Rights to support his overbreadth challenge. Plaintiff primarily relies on *District of Columbia v. Heller*, 554 U.S. 570 (2008) to support his facial challenges.[1] In *Heller*, the Court struck down several D.C. statutes that banned private possession of handguns in the home and requiring lawfully owned firearms to be stored in an inoperable condition. However, the Court recognized that the Second Amendment is a fundamental yet limited right that does not guarantee "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 626. The Court noted that this right is limited by certain "longstanding prohibitions on the possession of firearms," which are "presumptively lawful." *Id.* at 626 n.26. New Jersey's firearm purchasing regulations is one such statute, including the public welfare provision, that is "presumptively lawful" and because these statutes regulate conduct that is not protected by the Second Amendment, the Plaintiff's overbreadth challenge fails.[2]

Before assessing whether the public welfare provision was impermissibly vague, this Court looked to the New Jersey Supreme Court's interpretation of the provision. The state court held that the public welfare provision "was intended to relate to cases of individual unfitness, where, though

---

[1] Plaintiff also relies on *McDonald v. City of Chicago,* 130 S. Ct. 3020 (2010), which held that Second Amendment rights are applicable to the states.

[2] Having determined that the conduct regulated by the statute falls outside of the scope of the Second Amendment, the statute need not be analyzed under a level of scrutiny. *See United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010).

not dealt with in the specific statutory enumerations, the issuance of the permit or identification card would nonetheless be contrary to the public interest." *Burton v. Sills*, 53 N.J. 86, 91 (1968). The state court further held that the legislative intent of the public welfare provision was to

> guard against inadvertent omissions, [therefore] it delegated authority to appropriately designated officials to disqualify any unfit individuals who, though not strictly within the enumerated classes, should not in the public interest be entrusted with firearms. To guard against arbitrary official action the Legislature directed early determination and provided for easy appeal to the county court. *Id.* at 92; *see also In re Dubov*, 410 N.J. Super.190 (App. Div. 2009).

Here, the public welfare provision provides sufficient notice to a reasonable person in Plaintiff's circumstances that it would not be in the public interest welfare or safety of the state to issue a Firearms License. Having determined that the provision applies to the Plaintiff's conduct, the Plaintiff's facial challenge that the provision is vague also fails.

For these reasons, the statute survives the Plaintiff's facial attack. The Attorney General's motion for judgment on the pleadings is granted and the Plaintiff's complaint is dismissed as to the Attorney General.

**B. Plaintiff's Second Amendment Claim**

In Plaintiff's motion for summary judgment, he is seeking this Court to issue him a Firearms License. The only facts before the Court are Plaintiff's assertions that he is a "person of good character and good repute in the community in which he lives" as set forth in the statute and none of the "disabilities" described in the statute apply to him. Plaintiff also argues that the Edison Police Chief's investigative report and denial letter contained factual misstatements and otherwise irrelevant information that should not have affected his application for a Firearms License, which allegedly violated his Second Amendment rights.

In the letter dated March 25, 2010, the Edison Police chief provided the following reasons for denying Plaintiff's application for the firearms license under the public welfare provision and other considerations including: (1) a Somerset Superior Court Order dated December 30, 2002, that required the forfeiture of weapons and denial of a Firearms License ; (2) falsifying information on the application due to failure to disclose prior revocations or refusals of a Firearms License, and any convictions of a criminal offense or disorderly persons offense.  Additionally, the Edison Police Department's contemporaneous investigative report listed the following reasons for denying Plaintiff's application under the public welfare provision: (1) pending criminal charges for hindering and possession of fireworks arising from events that occurred in 2009; (2) the prior denial of Plaintiff's 2006 application for a firearms ID card, which was upheld by the New Jersey Appellate Division; (3) a pair of domestic violence incidents in 2009 and 2010 that did not result in criminal charges, one of which involved Plaintiff allegedly smashing the windshield of his girlfriend's car; and (4) a 2004 arrest and related criminal charges for unlawful possession of a firearm and high capacity magazines, but these charges were subsequently expunged.

The Court recognizes that there are a number of discrepancies and factual misstatements in the Edison Police Chief's denial letter and investigative report.  Although the court has a limited factual record in this matter, the 2008 Appellate Division decision did not refer to a Somerset County Superior Court Order filed on December 30, 2002 that resulted in a forfeiture of weapons or denial of a Firearms License.  Notably, the investigative report indicated that the Plaintiff fully disclosed on his application the 2006 charges stemming from the 2004 arrest, which contradicts the statement in the Edison Police Chief's denial letter that Plaintiff falsified his application.  Plaintiff also alleges that at the time of his application he did not have any criminal or disorderly conduct convictions

since the 2004 charges were dismissed and later expunged. The Plaintiff also did not plead guilty to the fireworks charges until June 2011, well after he submitted his application, which resulted in a fine. (*See Durga v. Cicerale*, Civ. No. 3:11-cv-3544 (Pl. Compl. Ex. F)) Plaintiff generally does not contest the events stated in the Township's investigative report, but he does question the relevance of the expunged charges, fireworks charges, and domestic violence incidents to his exercise of his Second Amendment rights. The Edison Police Chief has not made an attempt to reconcile these inconsistent statements nor provide any evidence to support its reasons for denial of the plaintiff's application.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue

as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgement. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x. 222, 227 (3d Cir. 2007).

      Here, the Plaintiff is essentially asking this Court to weigh the evidence regarding his personal and criminal background in favor of reversing the denial of his application, which is not for the court to decide in a motion for summary judgment. Additionally, the Court is without the benefit of a detailed factual record regarding Plaintiff's background, nor does the Court have any guidance as to what evidence a Police Chief may consider when evaluating an application for a Firearms License. Thus, there may be genuine issues of material fact in dispute regarding plaintiff's background and the Edison Police Chief's reasons for denying the application. Thus, in the absence of necessary facts, summary judgment cannot be granted in Plaintiff's favor. However, the Court is concerned that the Edison Police Chief's denial letter was based in part on misstatements and inaccurate information. The Court is also concerned that the Superior Court, Somerset County conducted a hearing in Plaintiff's absence while he was on active duty in Iraq and the Edison Police Chief used this decision as part of his basis for the denial. Though Plaintiff was represented by

counsel, the Plaintiff was not able to hear the officers testimony against him, nor was he able to personally testify and assert his defenses, nor communicate with his attorney at the time of the trial. The Court finds that the Plaintiff was unfairly prejudiced and the Edison Police Chief is to reconsider the Plaintiff's application for a Firearms License anew. If the decision again results in a denial, the Plaintiff may file an appeal with the local Superior Court, consistent with N.J.S.A. 2C:58-3(d), and the court may conduct a hearing and decide *de novo* as to whether the Plaintiff's application for a Firearms License should be granted or denied.

### C. *Younger* Abstention Principles and *O'Neill*

The Edison Police Chief and Township argue that this Court should dismiss Plaintiff's Complaint under the *Younger* abstention doctrine recognized in *O'Neill v. City of Philadelphia*, 32 F.3d 785 (3d Cir. 1994), because Plaintiff chose not to pursue his available judicial remedy by voluntarily withdrawing his state court appeal. The Township, however, misconstrues the holding of that case. *O'Neill* differentiated between *coercive* administrative proceedings begun by the State (i.e., the prosecution of a traffic ticket) and *remedial* actions instituted by an individual seeking redress from a wrong inflicted by the State. *Id.* at 791 n.13 (distinguishing two lines of Supreme Court precedent). Whereas exhaustion of administrative remedies was required for coercive proceedings, exhaustion was not required for remedial actions. *Id.* Here, the Edison Police Chief and Township present no arguments to support that the Firearms License application and subsequent appeal constitute a coercive proceeding that requires exhaustion. Plaintiff attempted to file a state court appeal and subsequently filed a complaint in federal court in an attempt to exercise his Second Amendment rights, which more closely resembles the sort of remedial actions that *O'Neill* explained did not require exhaustion. A panel in our Circuit recently reached this conclusion

11

in the context of an insurance agent's administrative challenge to the revocation of his insurance license. *Wyatt v. Keating*, 130 F. App'x 511, 514–15 (3d Cir. 2005). The court ruled that the insurance agent did not have to exhaust the administrative remedies prior to bringing his § 1983 claim because "the appeals process that [plaintiff] initiated in order to get his license reinstated was a remedial process, because it was initiated by Wyatt at his own option to remedy a perceived wrong by the state—the revocation of his license. It was not coercive because it was not instituted by the state to penalize an alleged violation of law by [plaintiff]." *See id.* (finding no error with the district court's conclusion). For purposes of exhaustion, the insurance licensing requirement at issue in *Wyatt* does not differ materially from the firearms licensing requirement in this case, and therefore *O'Neill* does not support abstention in this case. For these reasons, the Edison Police Chief and the Township's cross-motion for summary judgment is denied.

### ORDER

IT IS on this 30th day of September, 2011

ORDERED that the Attorney General of New Jersey's motion for a judgment on the pleadings is granted. The Plaintiff's motion for summary judgment is denied and Thomas Bryan's, Chief of Police, Edison Township, cross motion for summary judgment is also denied; and it is further

ORDERED that the Edison Police Chief is to reconsider Plaintiff's application for a Firearms License anew.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.